UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEO J. FARESICH,<br><br>            Plaintiff,<br><br>v.<br><br>BANCORP OF NEW JERSEY, INC.,<br><br>            Defendant. | No. 17-cv-7486 (KM)(MAH)<br><br>MEMORANDUM OPINION<br>AND ORDER |

### KEVIN MCNULTY, U.S.D.J.:

The defendant, Bancorp of New Jersey, Inc. ("Bancorp") has filed a motion (ECF no. 4) to dismiss the original complaint, which it removed from state court. The plaintiff, Mr. Faresich, responded with a motion (ECF no. 10) to amend his complaint. For the reasons stated herein, the motion to amend is granted and the motion to dismiss is administratively terminated as moot.

Faresich states that he may amend as a matter of course "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." See Fed. R. Civ. P. 15(a)(1)(B). Bancorp's motion under Rule 12(b)(6) to dismiss the original complaint was filed on October 16, 2017 and served electronically the same day. Faresich's motion to amend was filed on November 21, 2017. That was not within the 21-day deadline for amendment as of right.[1]

Leave to amend, however, should be granted "freely." Fed. R. Civ. P. 15(a)(2). And it will be granted freely, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part

---

[1] Faresich filed his motion without an accompanying brief, believing that no justification for amendment was required. I will overlook this procedural defect, as the motion, which attaches the proposed pleading, makes clear the reasons that amendment is sought, and no complex issues of law are presented.

1

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Bivings v. Wakefield,* 316 F. App'x 177, 180 (3d Cir. 2009) (quoting the "venerable" *Foman* case).

There are no indications that any of the *Foman* negative factors are present. We are at the early stages of the case. The motive for amendment—a defect in the original complaint, pointed out in Bancorp's motion to dismiss—is clear. True, Faresich missed the deadline for amendment as of right by some 15 days, but there is no indication that any prejudice to the defendant arose in that interim. I add that plaintiff did not seek this federal forum (the case was removed from state court by the defendant), so he should in fairness be given an opportunity to correct any initial failure to conform to federal pleading standards.

Bancorp opposes the motion to amend on grounds of futility. The proposed amended complaint, it says, could not survive a motion to dismiss under the standards of Rule 12(b)(6). *See Burlington Coat Factory Secs. Lit.,* 114 F.3d 1410, 1434 (3d Cir. 1997). That standard is supplied by the familiar cases of *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Its arguments, however, fall short of establishing that the proposed amended complaint is so deficient on its face that it should not be accepted. Bancorp suggests, for example, that it could not have discriminated on the basis of age because it hired Mr. Faresich when he was 64; that his allegation regarding the date he received the EEOC right-to-sue letter is not supported by a "declaration or proof of any kind"; and so on. These are matters more appropriately addressed on a motion for summary judgment.

2

**ORDER**

**ACCORDINGLY, IT IS** this 17th day of January, 2018,

**ORDERED** as follows:

1. The defendant's motion to dismiss the original complaint (ECF no. 4) is ADMINISTRATIVELY TERMINATED as moot.

2. The plaintiff's motion to amend the complaint (ECF no. 10) is GRANTED. The proposed pleading at ECF no. 10-2 is accepted for filing as the First Amended Complaint.

_____
**KEVIN MCNULTY**
**United States District Judge**